**PUBLISHED**

Filed June 1, 2004

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLESTON AREA MEDICAL CENTER,
INCORPORATED,
                    *Plaintiff-Appellee,*

          and

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
                    *Intervenor/Plaintiff,*

          v.

PARKE-DAVIS, a division of Warner
Lambert; PFIZER, INCORPORATED, its
successor by merger,
                    *Defendants-Appellants,*

          and

DANNY A. RADER, MD; TERRI MILES,
RN; JOHN/JANE DOE, MD; JANE DOE,
R.N.; JOHN/JANE DOE, Pharmacist;
JOHN/JANE DOE, Pharmacy
Technician; JOHN DOE,
Agency/Corporation,
                    *Third Party Defendants.*

No. 02-2264

CHARLESTON AREA MEDICAL CENTER,
INCORPORATED,
                    *Plaintiff-Appellant,*

            and

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
                    *Intervenor/Plaintiff,*

            v.

PARKE-DAVIS, a division of Warner
Lambert; PFIZER, INCORPORATED, its
successor by merger,
                    *Defendants-Appellees,*

DANNY A. RADER, MD; TERRI MILES,
RN; JOHN/JANE DOE, MD; JANE DOE,
R.N.; JOHN/JANE DOE, Pharmacist;
JOHN/JANE DOE, Pharmacy
Technician; JOHN DOE,
Agency/Corporation,
                    *Third Party Defendants.*

No. 02-2303

## ORDER

On January 8, 2004, we entered our order referring this case to the Supreme Court of Appeals of West Virginia, and on March 30, 2004, Parke-Davis, a division of Warner-Lambert, and Pfizer, Inc., defendants in this case, moved that we withdraw or amend our said order of certification to the Supreme Court of Appeals of West Virginia.

The reason for the said motion of Parke-Davis and Pfizer is that we had understood, on account of a statement made in oral argument by the attorney for Charleston Area Medical Center, that the estate, and

its beneficiaries, of the infant injured in this case while at Charleston Area Medical Center, had released all joint tortfeasors from liability on account of the death of the said infant.

Disagreement has arisen between Charleston Area Medical Center, Parke-Davis, and Pfizer, as to whether or not Parke-Davis and Pfizer were released by a Settlement Agreement and Release dated July 15, 1998, which has been exhibited with the said motion of Parke-Davis and Pfizer, and whether an order of the Circuit Court of Kanawa County, West Virginia, entered July 15, 1998 upon the petition of the guardian of the said infant, has so released either Parke-Davis or Pfizer, or both of them, from all liability on account of the death of the said infant while at Charleston Area Medical Center on or about the 17th day of March, 1998.

We have asked the Supreme Court of Appeals of West Virginia to defer action on our said order of reference, which that court has graciously agreed to by its order entered May 18, 2004, in order that we take the action which follows on account of the premises.

It is accordingly ADJUDGED and ORDERED that this case shall be, and it hereby is, remanded to the district court with instructions that it inquire into and take all necessary action in order to ascertain which persons, firms or corporations were released from liability on account of the death of said infant by the order of the Circuit Court of Kanawa County entered July 15, 1998.

Upon making such inquiry, the district court will make its findings in writing and file a copy of its order with this court.

With the concurrences of Judge WILKINSON and Judge NIE-MEYER.

/s/ H.E. Widener, Jr.
For the Court